**Luis N. ATHEHORTUA–VANEGAS, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 88–1674.

United States Court of Appeals,
First Circuit.

Heard April 6, 1989.

Decided May 24, 1989.

John H. Ruginski, Jr., Providence, R.I., for petitioner.

Alison R. Drucker, Office of Immigration Litigation, Civ. Div., Dept. of Justice, with whom John R. Bolton, Asst. Atty. Gen., and Richard M. Evans, Asst. Director, Office of Immigration Litigation, Civ. Div., Dept. of Justice, Washington, D.C., were on brief for respondent.

Before CAMPBELL, Chief Judge, and BREYER and SELYA, Circuit Judges.

SELYA, Circuit Judge.

Petitioner, a Colombian national, was admitted to the United States as an immigrant on June 9, 1983. Within two years, Rhode Island authorities had arrested him. On June 10, 1985, he appeared in state superior court and pled nolo contendere to a possession-of-cocaine charge. His sentence was deferred with "minimum supervision."

The federal Immigration and Naturalization Service (INS) promptly issued a show-cause order, positing deportability under 8 U.S.C. § 1251(a)(11).[1] At the ensuing hearing, petitioner, through his attorney, maintained that a plea of nolo contendere followed only by a deferred sentence did not constitute a "conviction" under Rhode Island law, and thus, could not constitute a "conviction" for purposes of deportation. The Immigration Judge (IJ) found this contention to be bogus. Having determined that petitioner "was convicted for the charged possession of cocaine," the IJ ordered deportation.

Petitioner's counsel filed a timeous appeal to the Board of Immigration Appeals (BIA). The notice of appeal (a copy of which is annexed hereto) was on the prescribed BIA form (Form I–290A). The INS promptly moved for *brevis* disposition, characterizing the appeal as frivolous. The BIA withheld action on the motion. In due course, the transcript of the hearing held before the IJ was furnished. On motion, petitioner's lawyer received a 3–month extension for filing his brief. As that deadline approached, he requested more time. The BIA enlarged the due date to October 6, 1987, simultaneously notifying counsel that "[n]o further extensions will be granted."

October 6 came and went, but no brief arrived. Petitioner offered no reason for the omission. On February 5, 1988, the BIA summarily dismissed the appeal. It noted petitioner's assurance that "a separate, written brief" would be filed upon receipt of the transcript, and made the obvious point that counsel had been "given additional time ... in which to file his brief, but no brief was submitted ... and no explanation for this failure has been provided." Because petitioner "in no meaningful way identified the basis of the appeal," the BIA ruled summary dismissal to be appropriate. The "generalized statements ... contained in the Notice of Appeal, without more, utterly fail to enlighten the Board as to the reasons, if any, of [sic] the appeal."

Petitioner, discontent with the abrupt termination of his administrative appeal and continuing to think deportation unwarranted, filed a timely appeal to this court.

### *Appellate Jurisdiction*

At the threshold, INS challenges the existence of appellate jurisdiction. Its thesis is that, by not filing a brief or otherwise limning specific grounds for his appeal, "petitioner failed to exhaust the administrative remedies available to him.... [and]

---

1. In 1985, the statute read in pertinent part:
   Any alien in the United States ... shall, upon the order of the Attorney General, be deported who— ... at any time ... has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs....
   8 U.S.C. § 1251(a)(11).

consequently has deprived [the court of appeals] of jurisdiction...." Respondent's Brief at 6. We disagree.

■ We start with bedrock. The controlling statute explicitly provides that "an order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations." 8 U.S.C. § 1105a(c). Because exhaustion is statutorily mandated, the requirement is jurisdictional. *Dhangu v. INS,* 812 F.2d 455, 460 (9th Cir.1987); *Garcia–Mir v. Smith,* 766 F.2d 1478, 1488–89 (11th Cir.1985), *cert. denied,* 475 U.S. 1022, 106 S.Ct. 1213, 89 L.Ed.2d 325 (1986); *see generally Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975); *McKart v. United States,* 395 U.S. 185, 193–95, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969). Here, the regulations furnish a right to have the BIA review an IJ's determination of deportability, 8 C.F.R. § 3.1(b)(2), and petitioner was required to go that route before knocking on our door.

■ In this case, of course, petitioner did not bypass the Board, but seasonably claimed his administrative appeal. Refined to barest essence, respondent's position is that, notwithstanding the timely filing of a notice of appeal, petitioner failed so miserably to present his arguments that his appeal was equivalent to no appeal at all. Alone among the courts of appeals, insofar as we can tell, the Fifth Circuit has so held. *See, e.g., Townsend v. United States Dept. of Justice INS,* 799 F.2d 179, 181–82 (5th Cir.1986); *Hernandez v. INS,* 539 F.2d 384, 386 (5th Cir.1976).

With respect, we decline to adopt the *Townsend* analysis. Petitioner did not overlook the Board, or ignore it, or attempt to appeal directly to the courts from the IJ's order. He did not vault over, or detour around, the step, but stumbled on it. That

is to say, petitioner went to the BIA, albeit unsuccessfully. He thereby exhausted the remedy (and, as matters turned out, the Board's patience). The administrative anodyne which he initially invoked is now foreclosed to him.

■ Petitioner appeals to us not from the IJ's decision but from the Board's summary dismissal of his appeal. And to all intents and purposes, the Board's order is a "final order[ ] of deportation ... made ... pursuant to administrative proceedings," 8 U.S.C. § 1105a(a), sufficient to trigger the judicial review provisions of the Immigration and Nationality Act. *See* 8 C.F.R. § 3.1(d)(2) (generally, with exceptions not relevant here, "[t]he decision of the Board shall be final"). In other words, the BIA's summary dismissal "resolv[es] the contested matter, leaving nothing to be done except execution of the judgment." *United States v. Metropolitan Dist. Comm'n,* 847 F.2d 12, 14 (1st Cir.1988). *See also Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373, 101 S.Ct. 669, 672, 66 L.Ed.2d 571 (1981); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); *Director, OWCP v. Bath Iron Works Corp.,* 853 F.2d 11, 13 (1st Cir.1988). We, therefore, have appellate jurisdiction under section 1105a(a).[2]

*Propriety of Summary Dismissal*

■ Although the form on which petitioner filed his notice of appeal to the BIA required that he "[b]riefly, state reasons" for the appeal, petitioner's counsel offered only the following gauzy generality: "Immigration Judge violated appellant's [sic] constitutional rights in that he failed to give full faith and credit to the laws and statutes of the State of Rhode Island." In itself, this shapeless conclusion was manifestly insufficient to alert the BIA to petitioner's point (if he had one) or to delineate

---

**2.** In assuming jurisdiction, we align ourselves with a number of other circuits which, in similar circumstances, albeit without discussion of the exhaustion point, have treated BIA summary dismissals as appealable. *See, e.g., Martinez–Zelaya v. INS,* 841 F.2d 294 (9th Cir.1988); *Bonne–*

*Annee v. INS,* 810 F.2d 1077 (11th Cir.1987) (per curiam). Indeed, in at least one counterpart case, we, too, have assumed jurisdiction over such an appeal. *See Lozada v. INS,* 857 F.2d 10 (1st Cir.1988).

the legal bases upon which his argument rested. But, all was not lost: in the notice of appeal, petitioner promised to "fil[e] a separate written brief or statement." *See* Appendix. The promise, however, went unfulfilled; despite extensions, no further filing eventuated. When this singularly unilluminating record did not improve in the fullness of time, the Board terminated the proceeding, invoking 8 C.F.R. § 3.1(d)(1–a)(i) (BIA "may summarily dismiss any appeal ... in which ... the party concerned fails to specify the reasons for his appeal").

We believe that summary dismissal was altogether appropriate. *See, e.g., Lozada v. INS*, 857 F.2d 10, 11–13 (1st Cir.1988); *Martinez–Zelaya v. INS*, 841 F.2d 294, 295–96 (9th Cir.1988); *Bonne–Annee v. INS*, 810 F.2d 1077, 1078 (11th Cir.1987) (per curiam); *Reyes–Mendoza v. INS*, 774 F.2d 1364, 1364–65 (9th Cir.1985). Petitioner's conclusory broadside was entirely unenlightening, offering neither substance nor direction. As in *Lozada*, where we approved summary dismissal in kindred circumstances, petitioner "fail[ed] to give the Board any meaningful information about the asserted error or errors" in the IJ's

decis...n. *Lozada*, 857 F.2d at 12. The BIA has the right to expect—and insist upon—more. At the very least, a grievant must tell the Board what aspects of the IJ's decision he contends were wrong, and why. *Medrano–Villatoro v. INS*, 866 F.2d 132, 133–34 (5th Cir.1989); *Martinez–Zelaya*, 841 F.2d at 296. And, this must be done in a meaningful, intelligible way. A reviewing tribunal ought not to be forced into a needless search for an evanescent needle in a legal haystack merely because an appellant, whether for tactical reasons or out of sheer indolence, neglects to shed light upon the grounds.

### Conclusion

We need go no further. Athehortua–Vanegas's notice of appeal to the BIA was prepared on February 5, 1986. The Board dismissed the appeal on February 5, 1988. In the intervening two years, petitioner—represented by counsel throughout—did nothing to illustrate the basis of his challenge. In such parlous circumstances, dismissal under 8 C.F.R. § 3.1(d)(1–a)(i) was amply warranted.[3]

*Affirmed.*

---

**3.** Inasmuch as our review is confined to the BIA's final order (here, summary dismissal under 8 C.F.R. § 3.1(d)(1–a)(i)) and the grounds for it, *see Martinez–Zelaya*, 841 F.2d at 296, we do not reach the merits of petitioner's case. We note, however, that Athehortua–Vanegas's attorney did not offer, either in his appellate brief or at oral argument, any convincing reason why, under Rhode Island law, the plea and deferred sentence in the state court drug case would not be a conviction sufficient to trigger deportation under 8 U.S.C. § 1251(a)(11).

## APPENDIX

### NOTICE OF APPEAL TO THE BOARD OF IMMIGRATION APPEALS

SUBMIT IN TRIPLICATE TO:

IMMIGRATION AND NATURALIZATION SERVICE

Fee Stamp

3-15062 JDG

BUS 2-6-86

In the Matter of:

ARTEHORTUA-VANEGAS, Luis

File No. A37 922 254

1. I hereby appeal to the Board of Immigration Appeals from the decision, dated __1/29/86__ , in the above entitled case.

2. Briefly, state reasons for this appeal.

    1.  Immigration Judge violated appelant's constitutional rights in that he failed to give full faith and credit to the laws and statutes of the State of Rhode Island.

3. I _____do_____ desire oral argument before the Board of Immigration Appeals
      (do)      (do not)

Washington, D. C.

4. I _____am_____ filing a separate written brief or statement. Upon receipt of
      (am)     (am not)                                     Transcript.

Signature of Appellant (or attorney or representative)

John H. Ruginski, Jr.
*(Print or type name)*

__February 5, 1986__
Date

305 South Main St., Prov., RI 02903
*Address (Number, Street, City, State, Zip Code)*

IMPORTANT:    SEE INSTRUCTIONS ON REVERSE SIDE OF THIS NOTICE

Form I-290A
(Rev.10-31-79)N