940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marko IVEZAJ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-3980.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 Before MERRITT, Chief Judge, KEITH, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 MERRITT, Chief Judge.
 
 
 1
 Petitioner appeals the dismissal of his appeal of an order of deportation by the Board of Immigration Appeals ("Board"). He lists his nationality as Albanian, and his birthplace in Titograd, Yugoslavia, in 1967. He entered the United States in 1987 without going through immigration, and because of that is deportable. Petitioner did not contest deportability on those grounds before the Immigration Judge, but rather filed an application for political asylum.
 
 
 2
 The Immigration Judge found Petitioner's evidence concerning persecution to be speculative at best and found that he had not shown a well-founded fear of persecution. He held that punishment for avoiding military service is not persecution and that the kind of discrimination set out by petitioner did not rise to the level of persecution.
 
 
 3
 Petitioner filed a notice of appeal with the Board of Immigration Appeals but failed to file a statement or brief detailing the error of the Immigration Judge and the basis for reversing that decision. The Board dismissed the appeal based on this failure, citing 8 C.F.R. 3.1(d)(1-a)(i), which allows the Board to "summarily dismiss any appeal in any case in which (i) any party concerned fails to specify the reasons for his appeal on Form I-290A (Notice of Appeal)...." It held that the failure of the Petitioner to so specify in the Notice of Appeal or in a statement or brief "utterly fail to enlighten the Board as to the reasons, if any, for the appeal." (Order of the Board at p. 1).
 
 
 4
 The Immigration and Naturalization Service (the "Service") urges that the shortcomings in Petitioner's filings are tantamount to a failure to perfect his appeal and constitute a failure to exhaust his administrative remedies, resulting in a lack of jurisdiction in this Court. While it is clear that a true failure to exhaust administrative remedies is jurisdictional, Dokic v. Immigration and Nauralization Service, 899 F.2d 530, 532 (6th Cir.1990); Athehortua-Vanegas v. Immigration and Naturalization Service, 876 F.2d 238, 240 (1st Cir.1989); Garcia-Mir v. Smith, 766 F.2d 1478 (11th Cir.1988); Townsend v. United States Department of Justice Immigration and Naturalization Service, 799 F.2d 179 (5th Cir.1986); Hernandez v. Immigration and Naturalization Service, 539 F.2d 384 (5th Cir.1976), only Townsend in the Fifth Circuit holds that there is no jurisdiction in a situation such as the one before us. We believe the better rule is set out in Athehortua-Vanegas, 876 F.2d 238, which carefully analyzes the laws and regulations and holds that the dismissal of the appeal by the Board is a final order, reviewable by the Courts of Appeals. This general result has been reached without such thorough analysis by the other Circuits as well, and later by the Fifth Circuit in Medrano-Villatoro v. Immigration and Naturalization Service, 966 F.2d 132 (5th Cir.1989). Martinez-Zelaya v. Immigration and Naturalization Service, 841 F.2d 294 (9th Cir.1988); Bonne-Annee v. Immigration and Naturalization Service, 810 F.2d 1077 (11th Cir.1987); Der-Rong Chour v. Immigration and Naturalization Service, 578 F.2d 464 (2nd Cir.1978), cert. denied sub nom. Chour v. Ferro, 440 U.S. 980 (1979); Cisternas-Estay v. Immigration and Naturalization Service, 531 F.2d 155 (3rd Cir.), cert. denied 429 U.S. 853 (1976). Accordingly, we hold that we have jurisdiction to review this dismissal.
 
 
 5
 In reviewing the record before us, we are concerned about the change of circumstances which has occurred since Petitioner's claim for asylum was reviewed by the Immigration Judge in December of 1988. Since that time Yugoslavia has been shaken by revolution. We may take judicial notice, Fed.R.Evid. 201(b) and (c), of the reports of unrest which include numerous accounts of violent conduct toward and persecution of ethnic Albanians. See, e.g., Cut off in Slovenia: A Yugoslav General's Story, N.Y. Times, July 9, 1991, A, at 8, col. 1; What Price Yugoslavia?, N.Y.Times, July 2, 1991, A, at 17, col. 1; How Tito's Heirs Made a Mess of Yugoslavia, N.Y. Times, June 30, 1991, 4, at 5, col. 4; Croatia's Nationalism Takes Hard Turn to the Right; Despite U.S. Praise, Yugoslav Republic's Ruler has Fallen Short of Democratic Goals, Washington Post, June 17, 1991, at A11.
 
 
 6
 Because of these changes, the factual conclusions of the Immigration Judge do not represent the current state of affairs, and INS regulations allow for a motion to reopen the case so that present conditions can be considered. In a similar situation this Court has dismissed the appeal while staying deportation for a sufficient time to allow the petitioners to file a motion to reopen the case. Dokic v. Immigration and Naturalization Service, 899 F.2d 530 (6th Cir.1990). We therefore remand the case to the Board with instructions to grant petitioner 30 days within which to file a motion to reopen on the basis of change of circumstances. If a proper motion to reopen is made the Board should consider the changes inside Yugoslavia and their effect on Petitioner's asylum request. See, Coriolan v. Immigration and Naturalization Service, 559 F.2d 993 (5th Cir.1977).
 
 
 7
 Accordingly, we REVERSE the summary dismissal of petitioners appeal and REMAND for consideration of the claim for asylum in light of the changed circumstances set out above.