United States Court of Appeals,

Fifth Circuit.

No. 91–4639

Summary Calendar.

Michael Anthony ASHBY, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

May 29, 1992.

Petition for Review of an Order of the Board of Immigration and Naturalization Service.

Before BROWN, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

The sole issue before this court is whether the Board of Immigration Appeals ("BIA" or the "Board") abused its discretion in determining that Michael Ashby was not eligible for a waiver of deportation under section 212(c) of the Immigration and Nationality Act (the "Act"). For the reasons set forth below, we hold that the Board did not abuse its discretion.

Facts

Michael Ashby, a citizen of Barbados, came to this country in the summer of 1963 when he was two years old and has since continuously resided here. His mother also lives in the United States and his brother and sister are U.S. citizens.

On May 11, 1981, at the age of 20, Ashby was convicted for two separate criminal offenses. On the first offense, the State of Florida charged that on January 16, 1979, Ashby was on the premises of Hudson Oil Company with the intent to commit theft, while armed with a concealed gun and ax. Ashby was convicted and sentenced to four years imprisonment. On the second offense, the State charged that Ashby, on December 15, 1980, unlawfully robbed money in excess of $100 from another person. He was convicted upon a plea of guilty to robbery and was sentenced concurrently

with his 1979 crime to four years in prison.

After his release, the State, on April 22, 1985, charged Ashby with attempted robbery. The State alleged that on February 25, 1985, Ashby took money from a woman, while threatening, kicking and hitting her. He was found guilty and sentenced to five years in prison. On March 19, 1990, the Immigration and Naturalization Service ("INS") issued to Ashby an Order to Show Cause why he should not be deported under section 241(a)(4) of the Act since he had been convicted of at least one crime involving moral turpitude.[1] Based on his convictions, the immigration judge found Ashby to be a deportable alien. Following a deportation hearing in which testimony was heard from both parties, the judge denied Ashby's motion for a 212(c) waiver of deportation and ordered him deported to Barbados, concluding that Ashby's failure to demonstrate rehabilitation and his pattern of criminal conduct, combined with his lengthy periods of incarceration, militated against a favorable exercise of discretion. Ashby appealed to the Board and it affirmed the immigration judge's denial of waiver of deportability. Ashby now appeals pro se to this court arguing that the Board abused its discretion by affirming the decision of the immigration judge.

Discussion

Ashby does not contest his deportability. What he complains of is the Board's failure to declare him eligible for a waiver of deportability under section 212(c) of the Act.

Pursuant to this section, aliens admitted for permanent residence who have maintained a

---

[1]Section 241(a)(4), 8 U.S.C. § 1251(a)(4), reads in part:

> (a) Any alien in the United States ... shall, upon order of the Attorney General, be deported who—

> (4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison ... for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor....

lawful unrelinquished domicile in the United States for seven consecutive years may, in the Attorney General's discretion, be permitted to continue residing in the United States notwithstanding their deportability under other sections of the Act.[2] Although it is true that Ashby has lawfully resided for seven years in this country, section 212(c) does not provide an indiscriminate waiver for all who demonstrate statutory eligibility for such relief. *Matter of Marin,* 16 I & N Dec. 581, 582–83 (BIA 1978). Rather, Ashby bore the burden of demonstrating that his request for a waiver warranted favorable consideration. *Id.* Further, because section 212(c) does not provide for standards governing how the Board's discretion should be exercised, the Attorney General has unusually broad discretion in granting and denying waivers.[3] Consequently, our scope of review is "exceedingly narrow."

In exercising its wide discretion, the Board considered all the facts and circumstances involved, balancing the social and humane considerations in Ashby's favor against the adverse factors.

---

[2]On its face, section 212(c), 8 U.S.C. § 1182(c), does not apply:

> Aliens unlawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)–(25), (30), and (31) of subsection (a) of this section.

> However, the scope of the statute was extended to include all persons who (1) were lawfully admitted for permanent residence; (2) have maintained a "lawful unrelinquished domicile" in the United States for seven consecutive years; and (3) merit a favorable exercise of discretion. *Mantell v. United States Dept. of Justice,* 798 F.2d 124, 125 (5th Cir.1986); *Matter of Silva,* 16 I & N 26 Dec. (BIA 1976).

[3]*See Perales v. Casillas,* 903 F.2d 1043 (5th Cir.1990). In *Perales,* this court held that because the statute did not restrict the considerations which may be relied upon, suspension of deportation was a "matter of discretion and of administrative grace, not mere eligibility." We reasoned:

> The standard of review is exceedingly narrow over the Attorney General's "unfettered discretion" over whether to suspend deportation once the statutory prerequisites are met, for "the ultimate decision whether to suspend deportation" is a matter of grace "similar to a Presidential pardon," and "judicial review ... is strictly limited because the subject is uniquely within the competence and power of the political branches."

*Id.* at 1051 (quoting *Hernandez–Cordero v. INS,* 819 F.2d 558, 560–61 (5th Cir.1987)).

Specifically, the Board, adhering to its prior decision in *Marin,* considered the following factors: Ashby's family ties in the United States, his residence of long duration in this country, evidence of hardship to Ashby and his family if deportation occurs, history of employment, the alien's value and service to the community, rehabilitation and other evidence of good character.

Employing these factors, the Board first found that Ashby's criminal acts established a pattern of serious criminal misconduct, which necessitated that he demonstrate unusual or outstanding equities in order to receive a waiver. In Ashby's favor, they found that he had resided in this country as a lawful permanent resident for more than 27 years, and that his family and friends live here, constituting outstanding equities. The Board, however, concluded that these equities did not outweigh the serious factor of Ashby's criminal history, since (1) his crimes were committed over a six-year period and involved the use of force and weapons; (2) he has been incarcerated for eight of the last ten years; and (3) none of his family members depend upon him for financial support. Ashby also supplied evidence that he completed a substance abuse program and participated in a religious seminar, but the Board was not convinced that he had rehabilitated himself.

Conclusion

We reiterate that our review of the Board's decision is severely limited. The Board sufficiently balanced the factors both in favor of and against the granting of a waiver of deportation. Because we find that it did not abuse its discretion, the Board's decision is affirmed.

AFFIRMED.