7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alma Dalia ORTIZ-MORENO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-3224.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1993.
 
 Before: KENNEDY and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Alma Dalia Ortiz-Moreno petitions pro se for review of an order of the Board of Immigration Appeals summarily dismissing her appeal from a decision of an Immigration Judge denying her relief from deportation pursuant to Section 212(c) of the Immigration and Naturalization Act, 8 U.S.C. § 1182(c). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Ortiz-Moreno's motion for pauper status on appeal is granted.
 
 
 2
 Ortiz-Moreno is a Mexican native who entered the United States as a permanent resident in 1973, at the age of ten. She has three children who were born in the United States. Her parents and siblings are all permanent residents or citizens of this country. In 1991, she was convicted following a jury trial of conspiracy to possess with intent to distribute marijuana, and possession of marijuana with intent to distribute. She was sentenced to 72 months imprisonment and four years supervised release. During her incarceration, deportation proceedings were commenced based on her aggravated felony and controlled substances convictions. She was found to be subject to deportation, and moved for relief pursuant to 8 U.S.C. § 1182(c). A hearing was held before an Immigration Judge who determined that Ortiz-Moreno was not entitled to relief.
 
 
 3
 Ortiz-Moreno filed a timely appeal to the Board of Immigration Appeals. Her notice of appeal listed the grounds for appeal as violations of her Constitutional rights and rights under the Universal Declaration of Human Rights. She indicated that she would file a brief in support of her appeal, and moved for and was granted two extensions of time in which to do so. However, the final deadline of February 5, 1993, passed without a brief being filed. The Board then summarily dismissed the appeal for failure to file a timely brief or to give specific reasons for the appeal, pursuant to the regulations at 8 C.F.R. § 3.1(d)(1-a). Ortiz-Moreno then filed a timely appeal to this court.
 
 
 4
 Upon review, it is concluded that summary dismissal was proper in this case because Ortiz-Moreno failed to specify what aspects of the Immigration Judge's decision were wrong and why. See Nazakat v. INS, 981 F.2d 1146, 1148 (10th Cir.1992); Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992); Athehortua-Vanegas v. INS, 876 F.2d 238, 240-41 (1st Cir.1989). Her argument that she did file a timely brief is illogical, as she admits mailing the brief on February 9, 1993, when a final extension had been granted until February 5. Moreover, no other abuse of the unusually broad discretion to award relief under § 212 of the Immigration and Naturalization Act is apparent from the record. See Ashby v. INS, 961 F.2d 555, 557 (5th Cir.1992).
 
 
 5
 The order of the Board of Immigration Appeals is accordingly affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.