23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Pierrot BEJJANI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-4119.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1994.
 
 Before: MILBURN and GUY Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Pierrot Bejjani, a native of Lebanon, petitions through counsel for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's denial of his application for a waiver of inadmissability pursuant to Sec. 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bejjani was served with an order to show cause why he should not be deported based on his conviction of a controlled substance offense. He admitted deportability but petitioned for relief in the form of a waiver under 8 U.S.C. Sec. 1182(c). A hearing was held before an Immigration Judge, at which Bejjani, his wife, friends, and church pastor testified. The Immigration Judge denied relief, concluding that Bejjani had not established outstanding equities sufficient to outweigh the seriousness of his drug conviction. The Board of Immigration Appeals, with one member dissenting, affirmed this decision for the reasons stated by the Immigration Judge. It was noted in a footnote that the Immigration Judge misstated the law, but that the error was harmless.
 
 
 3
 Upon review, we conclude that the Board did not abuse its discretion. See Craddock v. I.N.S., 997 F.2d 1176, 1178 (6th Cir.1993). The Board's decision must be affirmed unless it is without rational explanation, is a departure from established policy, or is based on invidious discrimination. Id.
 
 
 4
 The Immigration Judge correctly noted that an alien convicted of a serious drug offense must show unusual or outstanding equities in order to be entitled to relief. Id. at 1179. Even a showing of such equities does not mandate the discretionary grant of relief. See Ashby v. I.N.S., 961 F.2d 555, 557 (5th Cir.1992). The Immigration Judge did err in implying that in some cases a sufficiently serious conviction would be enough to deny relief without consideration of the favorable factors. However, he went on to say that this was not such a case and to balance all the factors pertinent to the exercise of discretion. See id. at 557-58. Accordingly, this error was harmless.
 
 
 5
 The Immigration Judge found that the factors in Bejjani's favor included the hardship to his wife that will be caused by his deportation, his rehabilitation from his criminal conviction, and his business ties and community activities. Factors which weighed against Bejjani were found to include his relatively short length of residence in this country, the fact that he was an adult at entry, and the fact that his immediate family is still in Lebanon. The Immigration Judge then concluded that the balance of the equities was not sufficiently outstanding or unusual to outweigh Bejjani's conviction of possession of heroin with the intent to distribute.
 
 
 6
 Because the decision below has not been shown to be irrational, a departure from established policy, or based on invidious discrimination, the order of the Board of Immigration Appeals is affirmed.