73 F.3d 357
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Bryan Irwin DENNY, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 95-1385.
 United States Court of Appeals, Fourth Circuit.
 Argued: November 2, 1995.
Decided: December 28, 1995.
 
 ARGUED: Ronald Darwin Richey, L. Johnson & Associates, P.C., Wheaton, MD, for Petitioner. Keisha Dawn Bell, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent. ON BRIEF: Frank W. Hunger, Assistant Attorney General, David M. McConnell, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.
 Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The Board of Immigration Appeals, without reviewing the record, summarily dismissed Bryan Irwin Denny's appeal of an immigration judge's decision ordering him to be deported from the United States. Because Denny's Notice of Appeal was sufficiently specific to inform the Board of how and why he believed the immigration judge had erred, the Board abused its discretion in summarily dismissing Denny's appeal. Accordingly, we reverse and remand this case to the Board for further proceedings.
 
 
 2
 Denny, conceding that he was subject to deportation for his drug dealing convictions, petitioned for a waiver of deportation based on Sec. 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). Section 212(c) permits a waiver, at the agency's discretion, for persons who have lived in this country longer than seven years. In considering a petition for waiver, the agency must conduct a balancing of "the social and humane considerations in the alien's favor against any adverse factors that demonstrate his or her undesirability as a permanent resident in the United States." Cortes-Castillo v. INS, 997 F.2d 1199, 1202 (7th Cir.1993). A hearing was held before an immigration judge in which Denny argued that he should receive a waiver because his positive attributes outweighed his negative attributes and because he, and his family, would be subject to hardship if he were deported.
 
 
 3
 On July 6, 1994, the immigration judge issued an opinion denying Denny's petition for a waiver. Denny filed a Notice of Appeal on Immigration Form E01R-26. This form directs an appellant to "specify" the reasons for appeal. It provides approximately two inches for an appellant to so specify, and states an appellant may "continue on separate sheets if necessary." On the form, Denny listed five reasons for his appeal.
 
 
 4
 A. The I.J. abused his discretion in denying Sec. 212(c) relief considering the substantial outstanding equities;
 
 
 5
 B. The I.J. failed to properly consider the attempts of rehabilitation being made by the Respondent;
 
 
 6
 C. The I.J. failed to consider the Respondent's length of being "clean."
 
 
 7
 D. The I.J. failed to consider hardship to his family.
 
 
 8
 E. And other issues to be raised in the brief.
 
 
 9
 These reasons filled most of the space provided on the form. Denny was given until October 6, 1994 to file a brief; he never filed one.
 
 
 10
 In a decision dated February 10, 1995, the Board summarily dismissed Denny's appeal, citing two Board rules. The Board primarily relied on 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A), which provides that the Board may dismiss an appeal if the petitioner's Notice fails to specify the reasons for appeal. The Board also relied on 8 C.F.R. Sec. 3.1(d)(1-a)(i)(E), which permits the Board to dismiss an appeal if the petitioner promises to file a brief and then fails to do so.
 
 
 11
 Before us, Denny's principal argument is that the Board violated his due process rights, when it summarily dismissed his appeal without reviewing the record because he had adequately notified the Board of the basis for his appeal, and the Board could not, consistent with due process, have dismissed his appeal simply for failure to file a brief. See Castillo-Manzanarez v. INS, 65 F.3d 793, 795-96 (9th Cir.1993). In response, the Board stated in its appellate brief in this court that its summary dismissal on the latter ground--failure to file the promised brief--was simply an adjunct to dismissal on the former ground--failure to adequately state the reasons for the appeal. The Board asserts:
 
 
 12
 The Board did not summarily dismiss his appeal solely on the fact that he did not file a brief, but rather because of his "generalized statement of the reasons for the appeal and the failure to timely file the promised brief...." A.R. 2A (emphasis added). Summary dismissal by the Board is appropriate "if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why'." Martinez-Zelaya v. INS, 841 F.2d at 296 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1364-65 (9th Cir.1985)).
 
 
 13
 Brief of Board at 12 (emphasis in original) (footnote omitted). Thus, the Board maintains that because Denny had not adequately informed the Board of "what aspects of the IJ's decision were allegedly incorrect and why," it was justified in dismissing his appeal for failure to file the promised brief. In view of the fact that the Board does not require claimants to file briefs, see Medrano-Villatoro v. INS, 866 F.2d 132, 134 (5th Cir.1989), this compound argument appears entirely appropriate.
 
 
 14
 Accordingly, we turn to the determination of the dispositive issue in this case--whether Denny adequately notified the Board of "what aspects of the IJ's decision were allegedly incorrect and why." Because we believe that Denny did provide such notice, and for this reason, the Board's summary dismissal of his appeal was an abuse of discretion, we need not reach Denny's constitutional argument.
 
 
 15
 This case began with Denny's petition for a waiver from deportation under Sec. 212(c) of the Immigration and Nationality Act. The sole issue for decision in a Sec. 212(c) case is whether, at its discretion, the immigration judge determines the petitioner merits a waiver. When, as in Denny's case, the immigration judge balances the various factors and decides against permitting a waiver, there is only one issue for review--whether the immigration judge abused his discretion. If Denny had only listed on his Notice of Appeal his contention that the immigration judge abused his discretion, the Board might well have been confused as to Denny's specific arguments and therefore justified in summarily dismissing the appeal. But in his Notice, Denny did more than merely contend that the immigration judge abused his discretion. Denny "specified" that the immigration judge had abused his discretion by failing to consider Denny's "attempts of rehabilitation," the length of time he was "clean," and the "hardship to his family." Denny's arguments may have been without merit, but his Notice certainly identified these arguments and did not leave the Board guessing as to how and why Denny thought the immigration judge had erred. See Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992); AthehortuaVanegas v. INS, 876 F.2d 238, 241 (1st Cir.1989); MedranoVillatoro v. INS, 866 F.2d at 133-34.
 
 
 16
 Of course, the Board could have reviewed the case and dismissed the appeal on its merits without addressing all the factors it considered in its decision. See Casalena v. INS, 984 F.2d 105, 107 (4th Cir.1993). However, notwithstanding its backlog of cases, the Board cannot summarily dismiss appeals without any review of the record, when an appellant has stated the grounds for his appeal. The Board is correct that "[a]t the very least, a grievant must tell the Board what aspects of the [Immigration Judge's] decision he contends were wrong, and why." Board's Brief at 10 (citing Athehortua-Vanegas, 876 F.2d at 241). Denny's Notice of Appeal clearly met this standard. A review of that Notice reveals that Denny's arguments were easily addressable and did not force the Board "into a needless search for an evanescent needle in a legal haystack." Athehortua-Vanegas, 876 F.2d at 241. Thus, the Board's summary dismissal of his appeal was an abuse of discretion.
 
 
 17
 Accordingly, we reverse the Board's summary dismissal of Denny's appeal and remand to the Board for further proceedings.
 
 REVERSED AND REMANDED