77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Moayad Jalal BARASH, Petitioner-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellees.
 No. 94-4271.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 Before: NELSON and BATCHELDER, Circuit Judges, and KATZ, District Judge.[1]
 PER CURIAM.
 
 
 1
 This matter comes before us on a petition for review of an order in which the Board of Immigration Appeals upheld an immigration judge's decision to deport a convicted drug dealer and deny him relief from deportation under § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (the "Act"). Concluding that the Board did not abuse its discretion, we shall deny the petition.
 
 
 2
 * The petitioner, Moayad Jalal Barash, is a citizen of Iraq who came to this country with his family in 1979, shortly before his ninth birthday. He dropped out of school at the age of 16 and subsequently began selling cocaine. He was convicted on a drug charge in October of 1988 and served 14 months in a local prison facility.
 
 
 3
 Six months after his release, and while he was still on parole, he was stopped for speeding while driving without a valid license. A sap glove (a glove with weights in the fingers) was found in the car, and he pled guilty to carrying a dangerous weapon with unlawful intent. Convicted on this charge, and found to have been a parole violator and an habitual offender, he served two more years in prison.
 
 
 4
 Meanwhile, in February of 1990, the Immigration and Naturalization Service instituted deportation proceedings against Mr. Barash. He applied for relief from deportation under § 212(c) of the Act. An immigration judge rendered a decision denying the application for relief and ordering deportation to Iraq. The Board of Immigration Appeals ultimately upheld the immigration judge's decision, and a timely petition for review was then filed in this court.
 
 II
 
 5
 This court reviews denials of § 212(c) relief for abuse of discretion. Hazime v. INS, 17 F.3d 136, 140 (6th Cir.), cert. denied, 115 S.Ct. 331 (1994), citing Craddock v. INS, 997 F.2d 1176, 1178 (6th Cir.1988). An abuse of discretion has occurred, this court has held, if the Board's decision was made " 'without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination.' " Id. at 140, quoting Balani v. INS, 669 F.2d 1157, 1161 (6th Cir.1982). The Hazime court noted that "[t]he scope of review is 'exceedingly narrow' because a lack of statutory standards provides the Attorney General with 'unusually broad' discretion." Id. at 140, quoting Ashby v. INS, 961 F.2d 555, 557 (5th Cir.1992). It is only necessary for the Board of Immigration Appeals to hear, consider, and decide the case before it rationally. Id., citing Casalena v. INS, 984 F.2d 105, 107 (4th Cir.1993), and Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986)). If the Board has done this, its decision must be upheld.
 
 
 6
 In the case at bar we are satisfied that the Board acted rationally. It did not depart from its established policies, and it did not rest its decision on an impermissible basis. No abuse of discretion has been shown here.
 
 
 7
 Under established Board precedent, an alien such as Mr. Barash, who has engaged in serious criminal misconduct, must show unusual or outstanding equities in order to prevail. "[A] heightened showing is required when an alien has been convicted of a serious drug offense, particularly one relating to the trafficking or sale of drugs." In re Matter of Edwards, Interim Decision 3134 (BIA May 2, 1990). The Board took into consideration a variety of factors favorable to Mr. Barash, but decided that the numerous equities weighing in his favor were simply not sufficient to overcome "the very serious negative factors." The negative factors are very serious, and we have no basis for second-guessing the Board in its weighing of the equities.
 
 
 8
 The Board did not fail to take the surrounding circumstances of Mr. Barash's drug offense into account. It did not attach undue weight to the fact that Mr. Barash was carrying a "beeper" when stopped for speeding, and it did not make impermissible use of Mr. Barash's prison record. Neither did the Board act irrationally in analyzing the evidence that Mr. Barash has been rehabilitated.
 
 
 9
 Asking us to take judicial notice of conditions inside Iraq, Mr. Barash advances what amounts to a plea for asylum. Mr. Barash has been convicted of a crime that constitutes an aggravated felony, however, see 8 U.S.C. § 1101(a)(43)(B), and "[a]n alien who has been convicted of a aggravated felony ... may not apply for or be granted asylum." 8 U.S.C. § 1158(d). Mr. Barash ran a terrible risk when he decided to go into the drug business, and we have no authority to relieve him of the consequences of his decision now that he has lost his gamble.
 
 
 10
 Finally, citing Gonzalez v. INS, 996 F.2d 804 (6th Cir.1993), Mr. Barash asserts that the Board's decision represents an abuse of discretion because the Board has a de facto policy of denying § 212(c) relief to any alien who has a serious drug-related conviction. We need not decide whether such a policy would be "an unauthorized assumption by the INS of a position properly to be made by the Congress," as a dictum in Gonzalez suggests, id. at 810, because the existence of the purported policy has not been demonstrated here as a factual matter. The Board has invited our attention to several decisions, indeed, where § 212(c) relief was granted to individuals with serious drug convictions. Such decisions are--and should be--rare, but they do occur.
 
 
 11
 The petition for review is DENIED.
 
 
 
 [1]
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation