Mehran FATEHI, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 81–3087.

United States Court of Appeals,
Sixth Circuit.

Argued May 6, 1983.

Decided March 21, 1984.

Mehran Fatehi, pro se.

Paul A. Davis, ABLE Legal Services, Inc., Fremont, Ohio, for petitioner.

Lloyd A. Warfield, I.N.S., James C. Cissell, U.S. Atty., Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, James P. Morris, Robert Kendall, Jr. (argued), Dept. of Justice, Crim. Div., Gen. Litigation & Legal Advice Section, Washington, D.C., for respondent.

Before KENNEDY and JONES, Circuit Judges, and TAYLOR, District Judge.*

PER CURIAM.

Mehran Fatehi petitions this Court for review of an order of the Board of Immigration Appeals (the Board), finding her "deportable" pursuant to Section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2). On appeal, Fatehi contends that the Board's deportation decision is not supported by clear, unequivocal and convincing evidence and, in supplemental memoranda, contends that this Court has jurisdiction to review that decision. After consideration of these issues, we affirm the Board's order.

A native and citizen of Iran, Fatehi entered the United States on September 24, 1978 as a non-immigrant student. When she was admitted, Fatehi was authorized to study in this country until January 15, 1979. On January 29, 1980, the Immigration and Naturalization Service (the Service) denied Fatehi's application for an extension of her stay in the United States. The Service also informed Fatehi that she would be required to leave the United States by March 1, 1980.

When Fatehi failed to leave, the Service issued an Order to Show Cause and a Notice of Hearing for deportation proceedings. On June 11, 1980 an Immigration

---

* The Honorable Anna Diggs Taylor, United States District Court for the Eastern District of Michigan, sitting by designation.

Judge held the deportation hearing. The hearing was postponed until July 15, 1980, however, in order to allow Fatehi to retain counsel. On July 15, 1980, Fatehi, represented by counsel, denied that she was deportable pursuant to 8 U.S.C. § 1251(a)(2). The Immigration Judge remanded the case to the Service for further consideration of the changing policies toward Iranian students manifested in 8 C.F.R. 241.1(c). On remand, the District Director denied Fatehi's request for reinstatement of her student status. The Director advised Fatehi that she had transferred schools in violation of 8 C.F.R. 214.-12(f)(4).

On September 10, 1980, the Immigration Judge reviewed the District Director's decision. The Service presented proof that Fatehi's authorization to stay in the United States had expired. The Immigration Judge found Fatehi deportable and granted her 15 days for voluntary departure. The Judge further stated that he had no jurisdiction to review the denial of Fatehi's request to be reinstated on student status. On September 18, 1980, Fatehi filed an appeal with the Board. The Board, on January 14, 1981, dismissed Fatehi's appeal and affirmed the Immigration Judge's decision. Fatehi thereafter filed a timely petition for review with this Court.

■ The question presented by these facts is whether the Board's deportation order was supported by clear unequivocal and convincing evidence. Fatehi was adjudged deportable in accordance with 8 U.S.C. § 1251(a)(2). That Section provides:

(1) Any alien in the United States ... shall, upon the order of the Attorney General be deported who—

(2) ... is in the United States in violation of this [Act] or in violation of any other law of the United States.

Fatehi was found deportable because she remained in the United States longer than her authorization "in violation" of § 1251(a)(9) of the Act.

The Service has the burden of demonstrating that Fatehi violated the Act by staying longer than her authorization. In meeting that burden, the Service must demonstrate that Fatehi was admitted as a non-immigrant "for a temporary period, that the period had elapsed, and that the non-immigrant has not departed." *Ho Chong Tsao v. INS*, 538 F.2d 667 (5th Cir.), *cert. denied*, 430 U.S. 906, 97 S.Ct. 1176, 51 L.Ed.2d 582 (1977); *Ballenilla-Gonzalez v. INS*, 546 F.2d 515 (2d Cir.1976).

Immigration Form I–94 indicates that Fatehi entered the United States on September 24, 1978 and was authorized by the Service to remain in this country until January 15, 1979. The Service also presented Immigration Form I–538, which reflected the fact that an Immigration Judge denied Fatehi's application for an extension of time and granted her request for voluntary departure. Further, the Service entered into evidence Immigration Form I–541, which advised Fatehi that an extension had been denied. Fatehi has not departed. These uncontested documents clearly support the claim that non-immigrant Fatehi remains in this country in violation of the Act.

Fatehi wishes to avoid the import of that evidence by arguing that she had attempted to obtain a timely extension of her stay and to transfer schools. Her application for an extension of time was not timely received. Fatehi contends however that the Service tardily received her application for an extension of time because her school erred in filling out the forms. The extended delay in this case, she contends, was due to error on the part of the school officials. Relying upon *Mashi v. INS*, 585 F.2d 1309 (5th Cir.1978), Fatehi claims that mere technical obligations of the Act should not be tightly construed against her as a student. Further, Fatehi contends that her reliance upon the "affirmative" actions of school officials and INS agent, Karolyi, equitably stops the I.N.S. from claiming that she overstayed her authorization. See *INS v. Hibi*, 414 U.S. 5, 94 S.Ct. 19, 38 L.Ed.2d 7 (1973).

■ We conclude, however, that we are without jurisdiction to decide the merits of

these arguments and to review the district director's denial of the school transfer and extension of stay. 8 U.S.C. § 1105a(a) vests in the courts of appeals initial and exclusive jurisdiction to review "all final orders of deportation." In *Foti v. Immigration and Naturalization Serv.*, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963), the Supreme Court concluded that § 1105a(a) review extends to "all determinations made during or incident to the administrative proceeding conducted by a special inquiry officer, and reviewable together by the Board of Immigration Appeals." 375 U.S. at 229, 84 S.Ct. at 314. The Court, in *Cheng Fan Kwok v. INS*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968), however, held that the district director's discretionary denial of a stay of deportation was not reviewable by the court of appeals under § 1105a(a). The *Cheng* court concluded that the alien should have pursued an appropriate remedy in district court. 392 U.S. at 210, 88 S.Ct. at 1973.

The Third Circuit in *Dastmalchi v. INS*, 660 F.2d 880 (3rd Cir.1981) concluded from these Supreme Court decisions that the court of appeals lacks jurisdiction to consider claims which do not "challenge directly a final order of deportation, an order entered in the course of their deportation hearings or the denial of a motion to reopen deportation hearings." 660 F.2d at 886. In *Ghorbani v. INS*, 686 F.2d 784 (9th Cir.1982), the Ninth Circuit adopted the Supreme Court's reading of § 1105a(a) and concluded that that section

> does not extend to a review of the discretionary decision of the District Director in refusing to reinstate nonimmigrant student status. Such relief as may be available to [petitioner] must originate in the district court.

686 F.2d at 791.

The Supreme Court recently revisited this question of appellate jurisdiction under § 1105a(a). In *INS v. Chadha*, —— U.S. ——, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983), the Court held that the "term 'final orders' in § 1105a(a) 'includes all matters on which the validity of the final order is contingent,

rather than only those determinations actually made at the hearing.'" —— U.S. at ——, 103 S.Ct. at 2777. Where the petitioner "directly attacks the deportation order itself and the relief he seeks—cancellation of deportation—is plainly inconsistent with the deportation order," an appellate court has jurisdiction under § 1105a(a) to decide the case. —— U.S. at ——, 103 S.Ct. at 2778.

In light of *Chadha* and its ancestry in the Supreme Court and Circuit Courts, we conclude that we are without jurisdiction to hear Fatehi's particular challenges to the district director's decision to deny a student transfer and to deny a time extension. Those challenges are directed toward the *discretion* of the district director in denying Fatehi's attempt to circumvent the technical requirements for application of a stay of authorization. Unlike Chadha's direct constitutional challenge to the validity of the deportation order itself, Fatehi's attack is aimed at the district director's refusal to assign her a status that would allow her to avoid the impact of an imminent deportation order. We find that this case is more analagous to the district director's refusal to grant a discretionary stay of the deportation order in *Cheng Fan* than it is to the direct attack on the deportation order in *Chadha*. We hold therefore that, in this particular case, § 1105a(a) bars appellate court jurisdiction over Fatehi's indirect challenges to the district director's discretionary decisions. We hold, in addition, that Fatehi may bring her challenges in the appropriate district court.

Accordingly, the Board's deportation order is hereby AFFIRMED.