**Aga DOKIC and Doko Dokic, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 89–3306.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 5, 1990.

Decided March 29, 1990.

---

**531**

George P. Mann (argued), Farmington Hills, Mich., for petitioners.

Nicholas J. Pantel, Asst. U.S. Atty., D. Michael Crites, U.S. Atty., Office of the U.S. Atty., Cincinnati, Ohio, Robert Kendall, Jr., Stewart Deutsch, Richard M. Evans, and Donald A. Couvillon (argued), U.S. Dept. of Justice, Civ. Div., Washington, D.C., for respondent.

Before JONES and MILBURN, Circuit Judges, and RUBIN, District Judge.*

PER CURIAM.

Petitioners Doko and Aga Dokic seek review of a Final Order of Deportation issued against them by the United States Immigration and Naturalization Service (INS).

Petitioners are natives and citizens of Yugoslavia. Both are ethnic Albanians. On March 6, 1985, the INS issued to petitioners Orders to Show Cause why they should not be deported. The orders charged petitioners with being deportable under Sec. 241(a)(2) of the Immigration and Nationality Act of 1952, 8 U.S.C. Sec. 1251(a)(2) (1982), which mandates the de-

portation of any alien who entered the United States without inspection.

A hearing was held before an immigration judge on March 26, 1985. Petitioners were present and represented by counsel. An interpreter was also present. Petitioners admitted the allegations in the show cause orders and conceded their deportability. The hearing was continued to allow petitioners an opportunity to file applications for political asylum, which they subsequently did. On April 26, 1985, the Bureau of Human Rights and Humanitarian Affairs issued advisory opinions that petitioners did not meet the criteria for political asylum.

On January 13, 1986, the hearing begun in March of 1985 was resumed. Petitioner, counsel for petitioners, and an interpreter were present. Following the hearing, the immigration judge held that petitioners were not entitled to political asylum or witholding of deportation. He granted petitioners a thirty-day period during which they could voluntarily depart the United States.

Petitioners filed Notices of Appeal to the Board of Immigration Appeals (BIA) contesting the Final Order of Deportation on January 21, 1986. The notices recited the bases for the appeals. However, counsel for petitioners did not file a brief in support of the appeals. On October 14, 1988, the BIA dismissed the appeals. Petitioners retained new counsel to file the Petition for Review of the Final Order of Deportation that is before the Court.

■ Petitioners challenge the Final Order of Deportation on two grounds. First, they contend that the administrative record is inadequate both to support the decision of the immigration judge and for purposes of judicial review because the hearing transcript is marked "indiscernible" in numerous places. Second, petitioners claim that they were denied due process of law because they received ineffective assistance of counsel. Petitioners argue that the errors in the proceedings were so prejudicial that reversal of the order is required. Peti-

* The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation. Judge Rubin's term as Chief District Judge ended March 15, 1990.

tioners seek remand of this case to the immigration judge for a new hearing and for development of an adequate record. Respondent claims that judicial review of this matter is barred because petitioners have not exhausted their administrative remedies.

Section 106(a) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. Sec. 1105a(a), confers exclusive jurisdiction on the United States Courts of Appeals to review all final orders of deportation. *Fatehi v. I.N.S.*, 729 F.2d 1086, 1088 (6th Cir.1984). Title 8 U.S.C. Sec. 1105a(c) precludes judicial review of a final order of deportation if the alien has not exhausted his administrative remedies.

The statutes and regulations governing deportation of aliens in the United States establish the following procedures for determining deportability. Every proceeding to determine the deportability of an alien is commenced by the filing of an Order to Show Cause with the Office of the Immigration Judge. 8 C.F.R. Sec. 242.1(a) (1989). The order shall require the alien to show cause why he should not be deported and direct the alien to appear before an immigration judge for a hearing. 8 C.F.R. Sec. 242.1(b). The immigration judge shall have the authority to determine deportability. 8 C.F.R. Sec. 242.8(a). If the alien admits the factual allegations against him and concedes his deportability under the charges contained in the Order to Show Cause, and if the special inquiry officer is satisfied that no issues of law or fact remain, the special inquiry officer may determine that deportability has been established by the alien's admissions. 8 C.F.R. Sec. 242.16(b). The decision of the immigration judge then becomes a final decision which may be appealed to the BIA. 8 C.F.R. Secs. 242.20 and 242.21(a).

The BIA may reopen or reconsider any case in which it has made a decision. A motion to reopen will not be granted unless the BIA is satisfied that the evidence sought to be offered is material, and was not available and could not have been discovered or presented at the hearing. 8 C.F.R. Sec. 3.2.

The above administrative procedures have been followed in petitioners' case, with the exception of the filing of a motion to reopen. At no time during the course of these administrative proceedings did petitioners present their claims that counsel was ineffective and that the record was inadequate. Petitioners may pursue these claims by filing a motion to reopen the deportation proceedings, citing the incompetence of counsel as the reason for their failure to present at the administrative hearing any evidence they now wish to submit in support of their applications for political asylum. *Ramirez–Durazo v. I.N.S.*, 794 F.2d 491, 500 n. 7 (9th Cir.1986). If the BIA were to deny the motion, petitioners could then challenge the BIA's decision in this Court as violative of due process. *Id.* This procedure will allow the BIA to compile a record which is adequate for judicial review. *Roque–Carranza v. I.N.S.*, 778 F.2d 1373, 1374 (9th Cir.1985).

■■■ Petitioners allege that a motion to reopen would be futile because they have no new evidence to present in support of their applications. The BIA is vested with discretion to determine when the reopening of deportation proceedings is warranted. *INS v. Abudu*, 485 U.S. 94, 106–07, 108 S.Ct. 904, 912–13, 99 L.Ed.2d 90 (1988); *INS v. Wang*, 450 U.S. 139, 144 n. 5, 101 S.Ct. 1027, 1030 n. 5, 67 L.Ed.2d 123, *rehearing denied*, 451 U.S. 964, 101 S.Ct. 2037, 68 L.Ed.2d 342 (1981). This Court will not interfere with the BIA's discretionary authority and make the initial determination of whether the deportation proceedings against petitioners should be reopened. Petitioners must exhaust their administrative remedies by filing a motion to reopen before they can obtain judicial review of the Final Order of Deportation.

Accordingly, the Petition for Review of the Final Order of Deportation is DENIED and the decision of the BIA is AFFIRMED. The order of deportation shall be stayed for thirty days from the date of this opinion to allow petitioners to file a motion to reopen. If petitioners file a motion to reopen, the order of deportation shall be stayed for

such additional time as is necessary for the BIA to dispose of the motion.