999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Aga DOKIC a/k/a Aga Ljucovic, and Doko Dokic, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-3592.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1993.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioners appeal the decision of the Board of Immigration Appeals (the Board) denying their motion to reopen deportation proceedings. Upon review, we find no abuse of discretion by the Board in denying the requested relief, and therefore AFFIRM.
 
 
 2
 * Petitioners, Doko and Aga Dokic, husband and wife, are natives and citizens of former Yugoslavia. Both are ethnic Albanians[1]. On March 6, 1985, the INS issued an Order to Show Cause (OSC), charging them with deportability as aliens who had entered the United States without inspection, in violation of Section 241(a)(2) of the Immigration and Nationality Act (Act).
 
 
 3
 Petitioners jointly appeared with counsel before an Immigration Judge (IJ) in Detroit, Michigan. After conceding the factual allegations in the OSC and their deportability, petitioners indicated that they would be filing applications for asylum. The hearing was adjourned for the receipt of the asylum applications.
 
 
 4
 On January 13, 1986, the joint hearing resumed. Petitioners testified that Doko obtained a Yugoslavian passport in September of 1983. From that time until December of 1984, he traveled to Italy three times, residing there for months at a time. On at least one occasion, Aga joined him in Italy. While in Italy, they investigated the possibility of obtaining visas to enter the United States and learned that it could take approximately five years. Not wanting to wait that long, they returned to Yugoslavia, married, and went to Mexico with Mexican visas in December, 1984. From Mexico City, petitioners illegally entered the United States. Petitioners have relatives who still reside in Yugoslavia.
 
 
 5
 Petitioners' claim for asylum revolves around their being ethnic Albanians and having been away for some time from Yugoslavia.[2] Specifically, petitioners claim that Albanians are viewed suspiciously, that they refused to join the Communist Party, and that Doko helped recruit for the National Albanian Liberation Organization and spoke against Yugoslavia. In his testimony, however, Doko stated that he was questioned on a few occasions about his foreign travel and released.
 
 
 6
 In his decision denying asylum and withholding of deportation, the IJ noted that Doko had served honorably in the Yugoslavian Army, that he had left Yugoslavia and returned three times with a passport, that he had failed to provide evidence in support of his claim, and that he had been questioned by authorities only about his travel abroad. Petitioners' previous counsel filed a notice of appeal with the Board, but never filed a brief in support of the appeal.
 
 
 7
 Notwithstanding the fact that no brief was filed, the Board relied on the notice of appeal, which did set forth the legal grounds for the appeal, in rendering its decision. The Board reached the merits of each ground and rejected them, thereby affirming the IJ's decision.
 
 
 8
 Petitioners thereafter retained new counsel who filed an appeal with this court to review the final order of deportation issued by the Board. Because petitioners had not exhausted their administrative remedies by filing a motion to reopen with the Board, we denied the petition and affirmed the decision of the Board. Dokic v. INS, 899 F.2d 530 (6th Cir.1990). We stayed the order of deportation for thirty days to allow petitioners time to file a motion to reopen and stayed deportation pending a ruling on the motion to reopen, if filed. Id. at 532-33. We noted that petitioners were appealing the decision of the Board on two grounds, inadequate administrative record and ineffective assistance of counsel, neither of which had been raised before the Board. Petitioners therefore had not exhausted their administrative remedies, and we refused to interfere with the Board's discretionary authority by making initial determinations as to whether the deportation proceedings should be reopened. Id. at 531-32.
 
 
 9
 Petitioners filed a motion to reopen with the Board on April 26, 1990. On March 31, 1992, the Board denied petitioners' motion to reopen. The Board found the administrative record sufficiently complete for an adequate review of the case and that a remand was not necessary due to any claimed inadequacies in the record. Additionally, the Board found that petitioners had not shown that their prior counsel prejudiced their asylum request by his ineffective assistance. The Board held that the 1982 and 1985 Amnesty International Reports, presented by petitioners in their motion to reopen, did not relate to petitioners or to individuals in similar circumstances. Petitioners' prior counsel therefore did not provide ineffective assistance by failing to present those reports. The Board also noted that the reports were not new, material evidence that was previously unavailable. The Board did, however, consider the Amnesty International Reports dated subsequent to petitioners' deportation hearing, but found that none of the reports related to petitioners or individuals in similar circumstances. The Board found that the failure of petitioners' prior counsel to file a brief was not ineffective assistance because they could not show that the failure to file a brief prejudiced them. The Board determined that no brief could redeem the petitioners' failure to establish a well-founded fear of persecution. Petitioners timely appealed the Board's denial of the motion to reopen to this court. This court has jurisdiction pursuant to 8 U.S.C. § 1105a(a) (Supp.IV 1992).
 
 II
 
 10
 At a minimum, there are three independent grounds upon which the Board may deny a motion to reopen deportation proceedings: (1) the Board may hold that the movant has failed to establish a prima facie case for the underlying substantive relief; (2) the Board may conclude that the movant has failed to introduce previously unavailable and material evidence; and (3) if the underlying substantive relief is discretionary the Board may decline to consider the two above-mentioned threshold requirements and, instead, determine that the movant would not be entitled to the requested discretionary grant of relief. INS v. Abudu, 485 U.S. 94, 104-05 (1988).
 
 
 11
 Further, we review the Board's decision not to reopen under the abuse of discretion standard. Abudu, 485 U.S. at 105. In determining whether the Board abused its discretion, we must decide whether the denial of petitioners' motion to reopen deportation proceedings "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." Balani v. INS, 669 F.2d 1157, 1161 (6th Cir.1982) (per curiam).
 
 III
 
 12
 Petitioners first contend that due to the "inadequate" administrative record, their case should be remanded to the Board and/or the IJ or the decision of the Board should be reversed.
 
 
 13
 As the Board noted, the only significant portions missing from the record are parts of the direct examinations of each respondent. Most of the cross-examinations are well transcribed, the typed asylum applications are of record, and the oral decision of the IJ, which was reduced to writing, adequately summarizes the testimony of the petitioners for the purposes of review. The Board therefore found that the record was sufficient for review and that a remand for a new hearing was not necessary. We conclude that, in so finding, the Board did not abuse its discretion.
 
 IV
 
 14
 Petitioners next contend they were denied due process of law because they received ineffective assistance of counsel.[3] This claimed ineffective assistance of counsel allegedly arose because, although counsel filed a notice of appeal from the IJ's deportation order, petitioners' prior counsel did not file a brief in support of the appeal. Petitioners further alleged that prior counsel's failure to include several Amnesty International reports regarding the tense political situation in Yugoslavia also constituted ineffective assistance of counsel.
 
 
 15
 Aliens in deportation hearings are protected by the Fifth Amendment's guarantee of due process, and are entitled to a full and fair hearing. Baires v. INS, 856 F.2d 89 (9th Cir.1988). To result in "fundamental unfairness," any alleged defect in the proceedings "must have been such as might have led to a denial of justice, or there must have been absent one of the elements deemed essential to due process." Ramirez v. INS, 550 F.2d 560, 563 (9th Cir.1977) (quoting Bilokumsky v. Todd, 263 U.S. 149, 157 (1923)). The burden is on the alien to demonstrate that he has been prejudiced or denied fundamental fairness by the procedural defect, i.e., ineffective assistance of counsel, in his deportation proceeding before he will be found to have suffered a denial of due process. Aguilera-Enriguez v. INS, 516 F.2d 565, 569 (6th Cir.1975), cert. denied, 423 U.S. 1050 (1976).
 
 
 16
 In Matter of Lozada, Interim Decision No. 3059 (BIA1988), aff'd, Lozada v. INS, 857 F.2d 10 (1st Cir.1988), the Board rejected the contention that the failure to file a brief constitutes per se incompetence that violates an alien's due process rights. The Board in Lozada also set out procedures that petitioners would be expected to follow in any motion they might bring before the Board alleging incompetence of prior counsel. Such a motion should be accompanied by an affidavit setting out the agreement with former counsel as to representation, the actions to be taken on appeal, and what counsel did or did not represent to the alien in this regard.
 
 
 17
 Although prior counsel failed to file a brief to accompany the notice of appeal to the Board, he did set forth the legal grounds for the appeal in the notice. A brief may have made a stronger case for petitioners; however, the failure to file one did not prevent the Board from specifically addressing and rejecting each basis for the appeal. The failure of prior counsel to file a brief therefore did not prejudice petitioners. As the Board stated: "[n]o brief could redeem the respondents failure at the hearing to establish a well-founded fear of persecution." Moreover, petitioners did not accompany, as required by Lozada, their claim of ineffective assistance of counsel with an affidavit setting out their agreement with prior counsel, what actions he was to take on their behalf, or what he represented to them regarding their appeal. We conclude that the Board did not abuse its discretion in holding that prior counsel's failure to file a brief did not constitute ineffective assistance of counsel.
 
 
 18
 As further evidence of ineffective assistance of counsel, petitioners offer several 1982 and 1985 Amnesty International reports regarding the conditions in Yugoslavia, which prior counsel failed to include in the appeal. As the Board pointed out, these reports did not mention petitioners, nor was the situation of those mentioned in the reports similar to petitioners'. As the Board further pointed out, the 1982 and 1985 Amnesty International materials are not new, material evidence, that was previously unavailable. Those documents existed at the time of petitioners' earlier hearing before the IJ. The Board therefore correctly declined to consider the reports.
 
 
 19
 The Board did, however, consider some Amnesty International reports dated after petitioners' asylum hearing. Like the earlier reports, the more recent ones did not mention the petitioners, nor specify factual situations similar to petitioners' situation in Yugoslavia,[4] and the Board therefore found that the new documents were not new, material evidence, warranting reversal of the IJ.
 
 
 20
 An alien cannot rely on speculative conclusions or mere assertions of fear of possible persecution, but must offer reasonably specific information showing a real threat of individual persecution. Blanco-Comarribas v. INS, 830 F.2d 1039, 1041-42 (9th Cir.1987) (alien must show that he or those similarly situated are at greater risk than the general population). Instead, an alien must demonstrate that the feared persecution pertains to him as an individual, rather than to the population generally. Espinoza-Martinez v. INS, 754 F.2d 1536, 1540 (9th Cir.1985). Since the more recent Amnesty International reports fail to demonstrate the "individualized" fear of persecution required for asylum, the Board did not abuse its discretion is ruling that the reports were not material to petitioners' motion to reopen.
 
 V
 
 21
 Petitioners next contend that the Board abused its discretion in denying their motion to reopen by concluding that they had failed to make out a prima facie case for the relief sought.
 
 
 22
 Under section 208(a) of the Act, 8 U.S.C. § 1158(a), the Attorney General has discretion to grant asylum to "refugees." INS v. Cardoza-Fonseca, 480 U.S. 421, 428 n. 5 (1987). The Act in turn defines a "refugee" as a person who is unable to return to his country "because of [past] persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1988). Because the ultimate grant of asylum is discretionary, an asylum determination involves two steps. First, the alien must show statutory eligibility for asylum by establishing a "well-founded fear of persecution." Second, if the alien shows statutory eligibility, the alien must show that the Attorney General should exercise discretion to grant asylum. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988). The alien has the burden of proof at both stages. 8 C.F.R. §§ 208.5, 242.17(c); Gumbol v. INS, 815 F.2d 406, 408 (6th Cir.1987).
 
 
 23
 An application for asylum is also considered to be a request for withholding of deportation. 8 C.F.R. § 208.3(b); INS v. Stevic, 467 U.S. 407, 420 n. 13 (1984). Withholding of deportation is mandatory if an alien's life or freedom would be threatened in the country of deportation on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1253(h)(1) (1988). The alien has the burden of showing that persecution on one of the listed grounds is more likely than not if he or she were to be deported, the "clear probability of persecution" test. INS v. Stevic, 467 U.S. at 424, 430; 8 C.F.R. § 242.17(c). This test is a more difficult standard to meet than the well founded fear of persecution standard for asylum. INS v. Cardoza-Fonseca, 480 U.S. at 421.
 
 
 24
 As detailed above, an alien cannot rely on speculative conclusions or mere assertions of fear of possible persecution, but instead must offer reasonably specific information showing a real threat of individual persecution. Blanco-Comarribas v. INS, 830 F.2d at 1041-42. The feared persecution must relate to the alien individually, not to the population generally. Espinoza-Martinez v. INS, 754 F.2d at 1540.
 
 
 25
 The evidence offered by petitioners, both testimonial and documentary, concerned the general worsening conditions in certain areas of Yugoslavia. This evidence does not categorize petitioners as refugees under the applicable statutory definition and the Board therefore did not err in refusing to grant petitioners' motion to reopen since they failed to present a prima facie case.
 
 VI
 
 26
 Accordingly, the Board's denial of petitioners' motion to reopen deportation proceedings is AFFIRMED.
 
 
 
 [1]
 Petitioners are from the province of Montenegro in Southern Yugoslavia, which borders Albania. Montenegro should not be confused with Serbia and the former Yugoslavian provinces of Croatia and Bosnia-Hercegovina, where the Serbs, Croats and Muslims are currently involved in an increasingly bloody, ethnic-based civil war
 
 
 [2]
 Aga Dokic's asylum and withholding of deportation claims rest upon the alleged persecution of her husband, Doko
 
 
 [3]
 Petitioners' brief contains various documents from the State of Michigan Attorney Discipline Board regarding action taken against their prior counsel, James R. Bandy, who has apparently been disbarred. Also included are a number of Amnesty International Reports and newspaper articles regarding the tense political situation in Yugoslavia which were not part of the administrative record, nor were they presented to the Board in petitioners' motion to reopen. Although we believe that these materials would not affect our decision even if considered, since they were not part of the record below, we are precluded from considering them in reaching our decision. 8 U.S.C. § 1105a(a)(4); Matter of Fedorenko, Interim Decision No. 2963 (BIA1984)
 
 
 [4]
 The Reports address the worsening situation in Croatia, Serbia and Bosnia-Hercegovina, not Montenegro, petitioners' home