USCA1 Opinion

 

 April 26, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2241 NARCISA VELASQUEZ, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Selya, Boudin, and Stahl, Circuit Judges. ______________ ____________________ Martin D. Harris, on brief for appellant. ________________ Frank W. Hunger, Assistant Attorney General, and Robert Kendall, _______________ ________________ Jr., Assistant Director, Office of Immigration Litigation, Civil ___ Division, Department of Justice. ____________________ ____________________ Per Curiam. Narcisa Velasquez petitions this court for __________ review of a decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen her deportation proceedings. For the following reasons, we deny the petition. Velasquez is a native and citizen of Ecuador who was admitted to this country as a lawful permanent resident on May 12, 1988. On April 28, 1994, the INS issued an Order to Show Cause charging Velasquez with deportability based on two convictions of crimes of moral turpitude, namely, shoplifting and welfare fraud. See 8 U.S.C. 1251(a)(2)(A)(ii). A deportation ___ hearing was held before an immigration judge ("IJ") on July 26, 1994, at which Velasquez was represented by an attorney. Velasquez admitted the convictions but sought a discretionary waiver under 212(c) of the Immigration and Nationality Act, as well as suspension of deportation and voluntary departure. The IJ found that Velasquez was ineligible for any form of relief and ordered her to be deported to Ecuador. On May 4, 1995, the BIA dismissed Velasquez's appeal from this decision. On June 16, 1995, Velasquez filed a motion to reopen the deportation proceedings to apply for a 212(c) waiver, arguing that she was now statutorily eligible for such relief. The BIA denied the motion to reopen on November 9, 1995. This petition for review followed. Represented by new counsel, Velasquez argues for the first time that she was deprived of due process because the IJ failed to advise her of her eligibility for relief under 212(h) of the -2- Act, 8 U.S.C. 1182(h). See 8 C.F.R. 242.17(a). We lack ___ jurisdiction to reach this argument. The exhaustion requirement that applies in immigration proceedings, see 8 U.S.C. 1105a(c), ___ bars consideration of arguments not raised before the BIA. See ___ Thomas v. INS, 976 F.2d 786, 789 (1st Cir. 1992). Although an ______ ___ exception exists for constitutional challenges to the Immigration and Nationality Act and INS procedures, a petitioner cannot obtain review of procedural errors not raised before the administrative tribunal merely by framing them as due process violations. See Ravindran v. INS, 976 F.2d 754, 762-63 (1st Cir. ___ _________ ___ 1992). Since the BIA could have corrected the deficiency Velasquez complains of, see id. at 762 (observing that the BIA ___ ___ has the power to remand a case to the IJ to remedy deficiencies in procedure), she is barred from raising the issue here. We add that, in any event, our review is limited to the BIA's denial of the motion to reopen. Velasquez makes no meaningful argument that this denial was in error. Indeed, she concedes that the motion to reopen was frivolous.  Velasquez also argues for the first time that she was deprived of due process by the incompetency of her former counsel. In particular, she complains that former counsel was ineffective in failing to raise and pursue a 212(h) waiver at her deportation hearing, in raising a non-meritorious ground for relief before the BIA, and in raising an equally frivolous ground for relief in her motion to reopen. We agree with those courts that have required petitioners to present ineffective assistance -3- of counsel claims to the BIA in the first instance. See, e.g., ___ ____ Liu v. Waters, 55 F.3d 421, 424-26 (9th Cir. 1995); Arango- ___ ______ _______ Aradondo v. INS, 13 F.3d 610, 614 (2d Cir. 1994); Castaneda- ________ ___ __________ Suarez v. INS, 993 F.2d 142, 144-45 (7th Cir. 1993); Dokic v. ______ ___ _____ INS, 899 F.2d 530, 532 (6th Cir. 1990). Velasquez may raise her ___ ineffective assistance of counsel argument before the BIA in a motion to reopen.1 See 8 C.F.R. 3.2, 3.8 (procedures for ___ motion to reopen or reconsider); see also Matter of Lozado, 19 I. ________ ________________ & N. Dec. 637 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir. 1988) _____ (establishing guidelines for raising ineffective assistance of counsel claims before the BIA). Accordingly, the petition for review is denied and dismissed. Affirmed. See Loc. R. 27.1. ___  ____________________ 1We express no opinion on whether or not such a motion would be frivolous.  -4-