**Hassan Ahmad HOGEIGE, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 01–4294.

United States Court of Appeals,
Sixth Circuit.

June 6, 2002.

Before KRUPANSKY and COLE,
Circuit Judges; and DUGGAN, District
Judge.*

*ORDER*

Hassan Ahmad Hogeige, a citizen of Lebanon, petitions pro se for review of an order of the Board of Immigration Appeals dismissing his appeal from a decision of an Immigration Judge denying him relief in the form of suspension of deportation, pursuant to 8 U.S.C. § 1254(a) (1994), or waiver, pursuant to 8 U.S.C. § 1186a (1994). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hogeige entered the United States in 1988 as a visitor. Shortly thereafter, he received conditional permanent resident status based on marriage to a United States citizen. However, in 1989, the marriage was annulled on grounds of consanguinity, as the parties were first cousins, and Hogeige was ordered to show cause why he should not be deported. He applied for relief in the form of suspension of deportation or waiver of the two-year marriage requirement on the ground that he had entered into the marriage in good faith. An Immigration Judge (IJ) denied the requested relief, concluding that Hogeige was not eligible for suspension because he did not have seven years of residence before the issuance of the show cause order, and that he was not eligible for waiver of the two-year marriage requirement because his marriage was void ab initio, and he did not establish that he had entered into the marriage in good faith. Hogeige was granted the relief of voluntary departure pursuant to 8 U.S.C. § 1254(e).

Hogeige appealed to the Board of Immigration Appeals (BIA), which affirmed the IJ's decision. On appeal, Hogeige does not contest the bases for the decision below. Rather, he argues that his situation has changed in that he married a permanent resident (his third marriage) in 1997, while his appeal was pending before the BIA, and they have two citizen children.

Hogeige has not challenged on appeal the reasons for which he was denied relief below, and the record shows that these issues were properly decided. This court has clearly determined that, in situations such as Hogeige's, there is no eligibility for suspension of deportation where the order to show cause was issued prior to the accrual of seven years of residence. *Sad v. INS*, 246 F.3d 811, 817–19 (6th Cir.

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

2001). The findings below that Hogeige was not eligible for waiver of the two-year marriage requirement to adjust his status because his marriage was void ab initio and he did not establish that he entered into the marriage in good faith are also supported by the evidence of record.

The only issues Hogeige raises in his brief were not presented at the administrative level, and this court lacks jurisdiction to consider them. *Witter v. INS*, 113 F.3d 549, 554 (5th Cir.1997); *Ademi v. INS*, 31 F.3d 517, 520 (7th Cir.1994). To raise new issues or proffer new evidence, administrative remedies must first be exhausted by the filing of a motion to reopen before the BIA. *Witter*, 113 F.3d at 556; *Dokic v. INS*, 899 F.2d 530, 532 (6th Cir. 1990). It is also noted that, because Hogeige entered into his most recent marriage during the pendency of deportation proceedings against him, he would be required to reside abroad two years before he could request permanent residence status on that basis. *Azizi v. Thornburgh*, 908 F.2d 1130, 1132–33 (2d Cir.1990).

Because Hogeige has not challenged the findings of the IJ and the BIA below, and this court cannot consider the new issue he has attempted to raise, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.