**Angela Liana MIHAI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–3755.**

United States Court of Appeals, Sixth Circuit.

March 19, 2003.

Before MARTIN, Chief Judge; KENNEDY and DAUGHTREY, Circuit Judges.

## *ORDER*

Angela Liana Mihai has filed a pro se petition for judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that she was subject to deportation. Mihai's petition has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Mihai is a native and citizen of Romania, who entered this country as a nonimmigrant fiancé of a United States citizen, for a period not to exceed December 19, 1995. The INS charged that she was deportable because she had remained in this country beyond the authorized period, and Mihai applied for asylum and the withholding of deportation. An immigration judge ("IJ")

found that she had not shown that she was persecuted in the past or that she had a well-founded fear of persecution in the future. Thus, he granted Mihai's request for voluntary departure on January 26, 1999, but denied her applications for asylum and the withholding of deportation. This decision became the final determination of the agency on June 7, 2002, when it was affirmed by the BIA.

It is undisputed that Mihai is deportable because she remained in the United States after her status as nonimmigrant visitor had expired. *See generally Fatehi v. INS,* 729 F.2d 1086, 1087 (6th Cir.1984). Hence, the only remaining issue is whether her applications for asylum and withholding of deportation were properly denied.

To obtain asylum, Mihai must show that she is a "refugee" and also that she is entitled to asylum as a matter of discretion. *See Mikhailevitch v. INS,* 146 F.3d 384, 389 (6th Cir.1998). A refugee is defined "as an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (citations and internal quotation marks omitted). Mihai's petition for review may be granted only if the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *See Koliada v. INS,* 259 F.3d 482, 486 (6th Cir.2001).

Mihai alleged that she was seeking asylum because she would not be able to hold a job or support herself if she were returned to Romania. She also alleged that she had published articles that criticized the current democratic and former communist governments in Romania. In addition, she alleged that the former communist regime had forced her grandfather to retire and had delayed her father's college application because of her grandfather's involvement with the monarchy. However, Mihai admitted that she was "unaware of the situation in Romania at the moment."

These allegations do not compel a finding that Mihai has a well-founded fear of persecution, even though she may suffer a financial hardship if she is deported. *See id.* at 487–88. In this regard, we note that the former communist regime is no longer in power and that Mihai has not shown that her alleged criticism of the current government will lead to reprisals or persecution. As Mihai has failed to establish eligibility for asylum, she is necessarily unable to meet the more rigorous standard required for the withholding of deportation. *See Mikhailevitch,* 146 F.3d at 391.

Accordingly, the petition for judicial review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.