Fatri MERSINAJ; Afrodhiti Mersinaj; Panajota Mersinaj; Joani Mersinaj, Petitioners,

v.

John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.

No. 03–3056.

United States Court of Appeals, Sixth Circuit.

Aug. 18, 2004.

Richard A. Kulics, Birmingham, MI, for Petitioners.

Linda S. Wendtland, Elizabeth J. Stevens, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before: SILER, MOORE, and COLE, Circuit Judges.

## ORDER

Fatri and Afrodhiti Mersinaj, husband and wife, and their children, Panajota and Joani Mersinaj, all citizens of Albania, petition through counsel for review of an order of the Board of Immigration Appeals affirming the denial of their applications for asylum and withholding of removal. Counsel for petitioners did not respond to a request to show cause why oral argument would be necessary, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Fatri Mersinaj applied for asylum on behalf of himself and his wife and two children on April 19, 1999. He alleged that he had been born in Albania in 1963, that his family had been persecuted during the Communist rule of Albania, and that he had been arrested and beaten by the police on several occasions, most recently in 1997, when he had his teeth knocked out, and later, his leg broken. He alleged that he and his family had entered the United States without inspection on September 22, 1998. In June 1999, petitioners were placed in removal proceedings, where the application for asylum was renewed, and applications for withholding of removal, relief under the United Nations Convention Against Torture (CAT), and voluntary departure were also filed by the husband. A hearing was held before an immigration judge (IJ), who determined that petitioners had not shown that they were eligible for asylum because they did not prove that they applied for asylum within one year of their entry into this country, where no documentation of their entry date was offered. The IJ also determined that petitioners were not entitled to asylum, withholding, or relief under the CAT because their claims were not credible, and that they were not eligible for voluntary departure because they had not established that they had been in the country for one year prior to being placed in removal proceedings. All the relief requested was therefore denied. Petitioners appealed the denial of their claims for asylum and withholding of

removal only to the Board of Immigration Appeals (BIA). One member of the BIA affirmed the IJ's decision in a one-paragraph order, essentially adopting the IJ's opinion.

In their brief before this court, petitioners again challenge only the denial of asylum and withholding of removal. They argue: 1) the BIA denied them due process; 2) the IJ erred in concluding that they had not established their entry date into the country because the issue was res judicata; 3) the IJ erred in finding petitioners' claims incredible; and 4) the IJ failed to consider the wife's claim to asylum based on her membership in the Cham minority.

The argument that petitioners were denied due process when one member of the BIA adopted the IJ's decision has recently been rejected by this court in *Denko v. INS*, 351 F.3d 717, 730 (6th Cir.2003), and is without merit.

■ Petitioners next argue that the IJ erred in finding that they had not established their date of entry into this country, in order to show that their application for asylum was filed within one year pursuant to 8 U.S.C. § 1158(a)(2)(B). This court has recently held that it lacks jurisdiction to review a determination that an asylum application was untimely. *Castellano–Chacon v. INS*, 341 F.3d 533, 544 (6th Cir.2003). Moreover, petitioners' argument that the date was res judicata is without merit, as the date of entry was never adjudicated, merely asserted by them in their asylum application. It should be noted, however, that the IJ's determination that petitioners were not eligible for asylum because they did not show that they had applied within one year of their entry into this country is inconsistent with her determination that petitioners were not eligible for voluntary departure because they had not been in the country for one year prior to being placed in re-

moval proceedings. However, the denial of voluntary departure is not before us, and the IJ also denied the asylum application on the merits, so resolution of this discrepancy is not required.

■ The denial of a claim for asylum on the merits can only be overturned where the evidence is such that a reasonable fact-finder would have to conclude that petitioners established the requisite fear of persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). In this case, the denial of asylum was based on the IJ's conclusion that petitioners' claims were not credible. A determination that testimony lacks credibility cannot be disturbed absent a clear abuse of discretion. *Gumbol v. INS*, 815 F.2d 406, 412 (6th Cir.1987). A credibility finding supported by specific, cogent reasons will be upheld. *Gao v. Ashcroft*, 299 F.3d 266, 276 (3d Cir.2002). The IJ gave such reasons in this case. First, she noted that the husband had claimed in his written application that he had been beaten in the summer of 1997 and that his teeth had been knocked out. In his testimony, however, he denied that he had been beaten on that occasion. In his brief before the court, the allegation is repeated. The IJ also properly relied on petitioners' failure to offer any corroborating evidence that should have been reasonably available. *Abdulai v. Ashcroft*, 239 F.3d 542, 554 (3d Cir.2001). Also, contrary to petitioners' argument, the IJ properly relied on the State Department Country Reports to provide a context for evaluating their credibility. *Duarte de Guinac v. INS*, 179 F.3d 1156, 1162 (9th Cir.1999). Finally, the IJ noted that the fact that the husband's parents remained unharmed in Albania discounted his claim of a fear of persecution. *See Ouda v. INS*, 324 F.3d 445, 451 (6th Cir.2003). Having failed to credibly establish a claim for asylum, the husband necessarily was precluded from establishing eligibility for withholding of

removal. *Mikhailevitch v. INS*, 146 F.3d 384, 391 (6th Cir.1998).

The last argument raised in petitioners' brief is also without merit. It is claimed that the IJ failed to address the wife's claim for asylum based on her membership in the Cham minority. The Cham are a group of Muslims who were displaced by the Greeks after World War II. Afrodhiti Mersinaj never claimed to belong to this group, rather, it was asserted that she was a member of the Greek Orthodox minority and a member of the related Omonia political party, although she denied being politically active in her testimony. Moreover, she did not file a separate application for asylum. Therefore, this argument is totally without basis in the record.

For all of the above reasons, the petition for review is denied.