**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0001n.06
Filed: September 30, 2004

**Case No. 03-3688**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TEREZA JUNCAJ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE BOARD |
| | ) | OF IMMIGRATION APPEALS |
| | ) | |
| JOHN ASHCROFT, Attorney General of the United | ) | |
| States of America, | ) | |
| | ) | |
| Respondent. | ) | |

---

Before: SILER, BATCHELDER, and ROGERS, Circuit Judges.

**SILER**, Circuit Judge. Petitioner Tereza Juncaj appeals the decision of the Board of Immigration Appeals ("BIA") denying her request for asylum. Juncaj argues that the Board denied her due process of law, made a determination contrary to substantial evidence, and abused its discretion in denying the asylum petition. We **AFFIRM**.

**BACKGROUND**

Juncaj is a 62-year-old native and citizen of Yugoslavia of Albanian ethnicity. She entered the United States on September 18, 1992 as a non-immigrant visitor but remained longer than authorized. Juncaj's claim for asylum is based on her Albanian ethnicity. She claims persecution from 1948, when her home was destroyed by the Communist regime and she was denied an education. She alleges that her parents died as a result of persecution. She testified that she has

been detained, questioned, and beaten by members of the Yugoslav army. During one interrogation, she said her hip was broken, causing her to walk with a limp. In her testimony before the Immigration Judge ("IJ"), she stated that she had been raped by a uniformed Serbian army officer. The rape occurred while she was alone, walking her livestock near a forest.

The IJ found Juncaj incredible due to inconsistencies between her asylum application and her testimony, as well as her inability to recall the time and date of alleged events. Furthermore, the IJ found that conditions had sufficiently changed to rebut any fear of future persecution. The BIA issued a one-page opinion affirming the decision of the IJ. It did not resolve the issue of credibility. Instead, it affirmed the decision because Juncaj did not adequately prove her past persecution was based on a protected characteristic rather than "unlucky circumstance." The BIA also noted that the record contained "other evidence" to affirm.

## DISCUSSION

We review claims of due process violations *de novo. Denko v. INS*, 351 F.3d 717, 726 (6th Cir. 2003). Conversely, determinations of the BIA "must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004). We can only reverse a decision of the BIA if the evidence "compels" such a reversal. *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998). Furthermore, the appropriate inquiry is whether the evidence "was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

**Due Process**

The BIA affirmed the decision below in a one-page opinion largely concurring with the IJ. Juncaj asserts that affirming the decision in such a summary manner deprived her of due process of law. While she is entitled to due process protection, *Reno v. Flores*, 507 U.S. 292, 308 (1993), her

case comported with such requirements. We have held that summary procedures do not violate an alien's right to due process, *Denko*, 351 F.3d at 730, but Juncaj did not receive this treatment.[1] Instead, the BIA issued a short decision agreeing with the IJ and adding other reasons.

The BIA need not "write an exegesis on every contention." *Scorteanu v. INS*, 339 F.3d 407, 412 (6th Cir. 2003). It is required, however, to "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely that it has reacted." *Id.* The BIA considered the issues and arrived at the same conclusion as the IJ. It stated that there was not enough evidence to determine that Juncaj was persecuted based on her ethnicity. Furthermore, any fear of future persecution had been successfully rebutted by the government. Juncaj did not meet her burden of proof and her claim was dismissed. She was not deprived of due process because the BIA made a reasoned conclusion after reviewing the evidence.

**Eligibility for Asylum**

The IJ has discretion to grant asylum to any alien who qualifies as a "refugee." 8 U.S.C. § 1158(a) & (b). A refugee is someone unable or unwilling to return to her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular group, or political opinion." 8 U.S.C. § 1101 (a)(42)(A). The alien has the burden of proof and is presumed to have a well-founded fear if she suffered past persecution based on one of the protected categories. *Ouda v. INS*, 324 F.3d 445, 452-53 (6th Cir. 2003). This presumption is rebuttable if the INS proves by a preponderance that conditions in the home country have changed "to such an extent that the applicant no longer has a well-founded fear of being persecuted upon return." *Id.* (citing *Mikhailevitch*, 146 F.3d at 390).

---

[1] Summary affirmance is authorized under 8 C.F.R. § 1003.1(a)(7). Cases streamlined under this procedure contain a two-sentence opinion reading, "This Board affirms, without opinion, the result of the decision below. The decision below is, therefore, the final agency determination."

Juncaj challenges the IJ's finding that she was not credible. However, this issue is not properly before us. We only have jurisdiction to hear issues the BIA actually addresses or adopts. *INS v. Ventura*, 537 U.S. 12, 17-18 (2002) (because BIA stated that it had "not yet considered" the issue of changed country circumstances, circuit court could not entertain it). As the BIA only assumed credibility, rather than determined it, we cannot review the IJ's credibility determination.

The BIA determined that Juncaj did not adequately prove that the misfortunes she suffered occurred due to her Albanian ethnicity. Although Juncaj testified that she had been raped and pushed by members of the army, she did not prove that it was due to her ethnicity. When asked why she had been mistreated, she replied, "I don't know. I do believe because I was Albanian, that's why they were threatening me." Because even Juncaj cannot say for sure why she was victimized, the decision of the BIA is supported by the record.

The BIA further held that the government sufficiently rebutted any possibility of future persecution. To rebut this presumption, the government may offer proof either of a fundamental change in circumstances or that the applicant could relocate to another part of the country to avoid persecution. 8 C.F.R. §§ 1208.13(b)(1)(i)(A) & (B). The IJ and BIA relied on country reports to make this determination, and although Juncaj argues to the contrary, reliance on these documents is not improper. *See Mersinaj v. Ashcroft*, No. 03-3056, 2004 WL 1859356, at *2 (6th Cir. 2004). Slobodan Milosevic's removal from office was a changed circumstance, and the country report notes that "Montenegro is now a multi-party, multiethnic, parliamentary democracy under the leadership of President Milo Djukanovic." This evidence is sufficient.

Juncaj also argues that the country reports were unreliable and that the IJ did not perform an individualized analysis of the changed country conditions. These two issues, however, were not

raised before the BIA. An alien must exhaust all administrative remedies before we can properly hear her claims. *Ramani v. Ashcroft*, 378 F.3d. 554, 557 (6th Cir. 2004). Each individual claim must be submitted to the BIA before we have jurisdiction to hear it. *Perkovic v. INS*, 33 F.3d 615, 619 (6th Cir. 1994); *Dokic v. INS*, 899 F.2d 530, 532 (6th Cir. 1990). Because these two claims could have been appealed to the BIA but were not, we do not have jurisdiction to decide them.

**Abuse of Discretion in Denying Petitioner's Claims**

Finally, Juncaj argues that the IJ and the BIA abused their discretion in denying her claims for relief. Although the BIA has broad discretion, it is not unlimited, and it cannot be exercised in a way that is "arbitrary, irrational or contrary to law." *Daneshvar v. Ashcroft*, 355 F.3d 615, 625-26 (6th Cir. 2004). The BIA abuses its discretion if it decides a case "without a rational explanation, inexplicably departed from established policies or rested on an impermissible basis, such as invidious discrimination." *Hazime v. INS*, 17 F.3d 136, 140 (6th Cir. 1994). Juncaj largely raises the same arguments as above, and they should be denied for the same reasons. Because the decision by the BIA is supported by substantial evidence, it is not "arbitrary, irrational, or contrary to law."

**AFFIRMED**.